

ORDERED in the Southern District of Florida on April 14, 2015.

Raymond B. Ray, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:

DOO YOUNG CHUNG and
AMY CHUNG,                                                     Case No. 14-32876-RBR

    Debtors.                                                    Chapter 13
_____/

FIRST NATIONAL BANK OF OMAHA,            Adv. Case No. 15-1119-RBR

    Plaintiff.

vs.

AMY CHUNG,

    Defendant.
_____/

### ORDER SCHEDULING TRIAL

THIS MATTER came before the Court for a pretrial conference on April 14, 2015, and after hearing from the parties and consideration of the case file, it is

**ORDERED** as follows:

1. <u>Trial.</u>  The Court has set aside **one half (1/2) day** for a trial.  Therefore, trial is scheduled and shall proceed on **June 4, 2015 at 9:30 A.M.** in Courtroom 308, 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301.

2. <u>Joint Pretrial Stipulation.</u>  The Plaintiff is to file a Joint Pretrial Stipulation in substantially the same form as Local Form 63C, no later than <u>seven (7) days</u> prior to trial.  The Court will not accept unilateral statements and may strike *sua sponte* any such submissions. Should any of the parties fail to cooperate in the preparation of the Joint Pretrial Stipulation, any other party may file a motion requesting an order to show cause why such party or parties (and/or their counsel) should not be held in contempt for failure to comply with this order.

3. <u>Exhibits.</u>  The parties are to exchange their respective exhibit binders that they wish to present to the Court at trial no later than <u>seven (7) days</u> prior to trial.

    a. Pursuant to this order, the parties shall submit to the Court's chambers, located in room 306, 299 East Broward Blvd., Fort Lauderdale, Florida, no later than <u>two (2) business days</u> before the trial date[1] exhibit binders containing:

        i. A set of pre-marked exhibits intended to be offered as evidence at the hearing including the sworn declarations set out hereinafter.  Movant(s)'s exhibits shall be marked numerically, and Respondent(s)' exhibits shall be marked alphabetically.  Exhibits shall be bound in a notebook or folder with tabs marking each exhibit, and shall be accompanied by an Exhibit Register in the form conforming to Local Form 49.  Sufficient copies must be provided so that a set is available for each party, the witnesses, and the judge, as required by Local Rule 9070.

        ii. Opening Statement.  Any written opening statement the party wishes the Court to read before the trial begins.  Oral opening statements normally will not be permitted at hearing.

        iii. Summaries.  Any summaries intended to be submitted into evidence must be prepared and submitted as pursuant to Rule 1006 of the Federal Rules of Evidence.

---

[1] It is wise to contact the Court's staff prior to delivering the documents to assure that someone will be present to accept the exhibit binders.

  iv. Sworn Declarations.  Unless otherwise ordered, the direct testimony of each witness, except adverse, hostile or rebuttal witnesses, shall be presented by sworn declarations consisting of a succinct written statement of the direct testimony which that witness would be prepared to give if questions were propounded in the usual fashion at trial.  Each statement of fact shall be separate, sequentially numbered and shall contain only facts which are relevant and material to the contested issue before the Court, avoiding redundancies, hearsay, and other obviously objectionable statements.  The statement shall be signed under penalty of perjury by the declarant.  A sample statement can be found at Local Form 63B.  Such statements may be referenced as the witness' "sworn declaration of fact."

    1. The original sworn declarations shall be marked as exhibits and incorporated in the Exhibit Register.

    2. Objections to any portions of the statements may be raised at the time the sworn declaration of each respective witness is offered to the Court.  The witness shall then be sworn and asked if the statement correctly reflects the testimony that would be given if the witness was asked the appropriate questions.  Assuming an affirmative answer, opposing counsel may then cross-examine the witness.  At the conclusion of cross-examination, the party whose witness is on the stand may conduct oral redirect examination in the usual manner.

b. The parties shall confer on the admissibility of the exhibits prior to the trial, and shall announce on the record the exhibits they agree are admitted into evidence, objected to, or withdrawn.

  i. Written objections to the use of deposition transcripts or admissibility of exhibits other than the sworn declarations shall be filed not later than <u>two (2) days</u> prior to trial.  The objection must (i) identify the exhibit, (ii) state the grounds for the objection, and (iii) provide citations to case law and other authority in support of the objection.  If no written objections are timely filed they are deemed waived unless excused by the Court for good cause.

4. <u>Final Argument.</u>  At the conclusion of the trial, in lieu of final argument, the Court may request that each party submit (a) a written closing statement with supporting legal argument or (b) a proposed memorandum opinion with findings of fact and conclusions of law with a separate proposed final judgment, in word processing format, to the Court's electronic mailbox, RBR_Chambers@flsb.uscourts.gov.

5. <u>Settlement</u>.  If the proceeding is settled, Plaintiff's counsel shall upload to the Court an Agreed Stipulation or Agreed Final Judgment approved by both parties prior to the time trial is to begin, otherwise all counsel shall be prepared to go to trial.  *In addition, Plaintiff's counsel is instructed to immediately inform the Courtroom Deputy, Ms. Edy Gomez at Edy_Gomez@flsb.uscourts.gov, of any settlement so that Ms. Gomez may use the trial day for other matters.*  If a judgment or stipulation is not submitted to the Court, all counsel shall be prepared to go to trial.  If the proceeding is removed from the trial calendar based upon the announcement of a settlement, the proceeding will not be reset for trial if the parties fail to consummate the settlement.  In that event, the Court will only consider a motion to enforce the settlement.

6. <u>Sanctions</u>.  Failure to comply with any provision of this order or prior Court Orders may result in appropriate sanctions, including the award of attorney's fees, striking of pleadings, dismissal of the action, or striking of claims.

###

*The Clerk shall provide copies to*:
Plaintiff
Defendant